THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
XOCHITL D. ARTEAGA (Cal. Bar No. 227034)
Violent and Organized Crime Section
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
OCDETF Section
Assistant United States Attorneys
     12th Floor United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3756/0500
     Facsimile: (213) 894-0141
     E-mail:    stephanie.christensen@usdoj.gov
     E-mail:    xochitl.arteaga@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 08-00506(A)-GW |
| Plaintiff, | ) GOVERNMENT'S SUPPLEMENTAL |
| v. | ) AUTHORITIES RE: RETURN OF<br>) PARTIAL VERDICT |
| MASOUD BAMDAD, | ) |
| Defendant. | ) |

Plaintiff United States of America, by and through its attorney of record, the United States Attorney, hereby submits

its supplemental authorities regarding the return of a partial verdict.

Dated: May 6, 2009           Respectfully submitted,

                             THOMAS P. O'BRIEN
                             United States Attorney

                             CHRISTINE C. EWELL
                             Assistant United States Attorney
                             Chief, Criminal Division


                                   /s/
                             _____
                             STEPHANIE S. CHRISTENSEN
                             XOCHITL D. ARTEAGA
                             Assistant United States Attorney
                             Attorneys for Plaintiff
                             United States of America

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 31 of the Federal Rules of Criminal Procedure allows a jury to make a partial return of indictment counts. It states in relevant part:

> (b) **Partial Verdicts, Mistrial, and Retrial.**
> \*\*\*
> (2) **Multiple Counts**. If the jury cannot agree on all counts as to any defendant, the jury may return a verdict on those counts on which it has agreed.

Fed. R. Crim. P. 31(b).

Further, the Ninth Circuit has made clear that a court may accept a partial return and send the jury back for further deliberation on any remaining counts. In <u>United States v. Ross</u>, 626 F.2d 77 (9th Cir. 1980), the defendant proceeded to trial on three counts of failing to file income tax returns. 626 F.2d at 78. During deliberations the jury returned a note indicating that it had come to an "impasse" in deliberations. <u>Id.</u> at 80. After inquiry from the court, the foreperson indicated that he was "'not sure as to whether or not (the jury could) come to a verdict on all three counts.'" <u>Id.</u> The judge then told the jury that they could return a partial verdict and inquired whether there was unanimity on any single count. <u>Id.</u> The foreperson noted that he believed there was agreement as to one of the three counts and the judge sent the jury back for further deliberations. <u>Id.</u> The jury later returned with a verdict on one count. <u>Id.</u> At that time, the court asked the foreperson, "as you evaluate the situation, does it appear that you would likely arrive at a verdict as to either counts one or two?'" <u>Id.</u>

The foreperson responded "'we should be able to'" and the court sent them back for further deliberations. Id. They later returned guilty verdicts on the remaining counts. Id.

On appeal, the Ninth Circuit found "no error in the manner in which the district court conducted the jury deliberations." Id. at 81. The court first held that the district court had "properly questioned the jury as to its current deadlock." Id. It then went on to uphold the partial return, stating:

> [I]t is settled that a trial court may accept a partial verdict on only one of two or more counts of an indictment. [citations] Likewise, it is permissible for a court to accept a verdict on only one count of an indictment, and then return the jury for further deliberations on the remaining counts. [citations] Such procedure does not of necessity influence the jury in its deliberations, and a trial court is entitled to exercise its sound discretion in this regard. We find no abuse of discretion in the action of the district court herein in receiving a partial verdict or, more accurately, in receiving a complete verdict in separate segments.

Id.; see also United States v. Black, 843 F.2d 1456, 1463 (D.C. Cir. 1988) ("[T]he judge gave a partial verdict instruction, informing the jury it could return a verdict concerning only one of the defendants or covering less than all the charges. After giving this instruction, the judge asked the jury to continue its deliberations-an entirely proper and non-coercive request.").

In the instant matter, Jury Note No. 3 seemed to indicate that the jury might have reached a unanimous verdict as to some of the counts charged in the First Superseding Indictment. In light of both Rule 31 and Ross, the government respectfully recommends that the Court inquire of the foreperson as to whether

the jury has reached a unanimous decision as to any of the counts.  If so, the Court should instruct the jury to fill out the jury form as to those counts and the Court should accept and announce that partial return in open court.  See United States v. Nelson, 692 F.2d 83, 84-85 (9th Cir. 1982) ("Although their jury room votes form the basis of the announced verdict, the jurors remain free to dissent from the announced verdict when polled. In short, a jury has not reached a valid verdict until deliberations are over, the result is announced in open court, and no dissent by a juror is registered." (quotations omitted)). Thereafter, the Court may provide a clean verdict form to the jury and instruct the jury to continue to deliberate on the remaining counts.

Dated: May 6, 2009                  Respectfully submitted,

                                    THOMAS P. O'BRIEN
                                    United States Attorney

                                    CHRISTINE C. EWELL
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    STEPHANIE S. CHRISTENSEN
                                    XOCHITL D. ARTEAGA
                                    Assistant United States Attorney
                                    Attorneys for Plaintiff
                                    United States of America