MASOUD BAMDAD
47237-112
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA  90053-1500

Defendant Pro Se

FILED
CLERK, U.S. DISTRICT COURT
JAN - 5 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>MASOUD BAMDAD,<br>  Defendant. | CASE NO.: CR08-506(A)GW<br><br>NOTICE OF MOTION AND MOTION TO DISMISS/ QUASH 1st SUPERSEDING INDICTMENT PER VIOLATIONS OF DEFENDANT'S V & XIV AMENDMENTS TO CONSTITUTION<br><br>Date of Hearing : FEBRUARY 11, 2010<br>Time of Hearing : 8:00 A.M.<br>Place of Hearing: Courtroom Hon.<br>        Judge George Wu |

TO THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA AND HIS REPRESENTATIVE:

NOTICE IS HEREBY GIVEN THAT on 2/11/10 at 8:00 AM or soon thereafter as this matter may be heard in the Courtroom of the Honorable George H. Wu, United States District Judge, Defendant, Masoud Bamdad, M.D., will, and hereby does, move the Court for an order to Quash / Dismiss the 1st **Superseding Indictment** filed on October 29, 2008 due to **Constructional Defect**, and subsequent **Changes** and **Amend** to it at the time of the trial without approval by the **Grand Jury.**

. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Defendant, the papers, pleading and other information in the court's file, the defendant's due process right and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: December 28, 09

Masoud Bamdad, Defendant Pro Se

Defendant reserves the right of any future Amend or Supplement to this Motion.

- 1 -

## TABLE OF CONTENT

**Subject**                                                                 **Page**

MEMORANDUM OF POINTS AND AUTHORITIES..................................2
   I.   INTRODUCTION...................................................2
   II.  STATEMENT OF FACTS.............................................2
        A. The Superseding Indictment has structural............2
        B. Although the Punishment Phase of a Crime.............3
        C. One of the Indictment's Defects was Corrected........4
        D. Mistake in Number of Pills...........................4
   III. ARGUMENT......................................................4
   IV.  CONCLUSION....................................................7

## TABLE OF CONTENT

**Subject**                                                                 **Page**

MEMORANDUM OF POINTS AND AUTHORITIES..................................2
   I.   INTRODUCTION...................................................2
   II.  STATEMENT OF FACTS.............................................2
        A. The Superseding Indictment has structural............2
        B. Although the Punishment Phase of a Crime.............3
        C. One of the Indictment's Defects was Corrected........4
        D. Mistake in Number of Pills...........................4
   III. ARGUMENT......................................................4
   IV.  CONCLUSION....................................................7

# TABLE OF AUTHORITIES

**Cases** **Page**

CEJA V. STEWART
    97 F.3d 1246 (9th Cir. 1996).........................5

CHAPMAN V. CALIFORNIA
    386 U.S. 18, 23-24, 17 L.Ed 2d. 705,.....(1967).....5

MANCUSO V. OLIVAREZ
    292 F.3d 939 (9th Cir. 2002).........................4

SHEWFELT V. ALASKA
    228 F.3d 1088 (9th Cir. 2000)........................4

SILVEIRA V. LOCKYER
    312 F.3d 1052 (9th Cir. 2002)........................5

U.S. V. BUDD
    496 F.3d 517 (6th Cir. 2007).........................7

U.S. V. CHOY
    309 F.3d 602 (9th Cir. 2002).........................6

U.S. V. CIANCI
    378 F.3d 71 (1st Cir. 2004)..........................6

U.S. V. DHINSA
    243 F.3d 635 (2nd Cir. 2001)........................7

U.S. V. DIPENTINO
    242 F.3d 1090 (9th Cir. 2001).......................7

U.S. V. FUCHS
    218 F.3d 957 (9th Cir. 2000)........................5

U.S. V. HADDOCK
    956 F.2d 1534 (10 Cir. 1992)........................5

U.S. V. HOLMES
    44 F.3d 1150 (2nd Cir. 1995)........................6

U.S. V. KERLEY
    544 F.3d 172 (2nd Cir.), cert. denied, 129SCT1052(2009) 6

U.S. V. SARRACINO
    340 F.3d 1148 (10th Cir. 2003)......................5

U.S. V. SAVOIRES
    430 F.3d 376 (6th Cir. 2005)........................6

U.S. V. SHELLEF
    507 F.3d 82 (2nd Cir. 2007).........................6

U.S. V. ZALAPA
    509 F.3d 1060 (9th Cir. 2007).......................6

WHITEHEAD V. COWAN
    263 F.3d 708 (7th Cir. 2001)........................4

MASOUD BAMDAD
47237-112
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA  90053-1500

Defendant Pro Se

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MASOUD BAMDAD, <br> Defendant. | CASE NO.: CR08-506(A)GW <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS/ QUASH THE 1ST SUPERSEDING INDICTMENT PER VIOLATIONS OF DEFENDANT'S V & XIV AMENDMENTS TO CONSTITUTION |

COMES NOW, Defendant, Masoud Bamdad, M.D., Pro Se, hereby submits his Memorandum of Points and Authorities in support of his Motion to Dismiss / Quash the 1st Superseding Indictment per violations of Defendant's V & XIV Amendments to Constitution.

Defendant declares under penalty of perjury that this Motion and its Memorandum of Points and Authorities with their attachments are correct and true to the best of his knowledge.

Respectfully submitted,

Dated: December 28, 09

Masoud Bamdad, Defendant Pro Se

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant, Masoud Bamdad, M.D., Pro Se, was convicted in this honorable Court on 14 counts. The trial started on April 21, 2009, and ended on May 4, 2009, based upon the 1st Superseding Indictment which was filed on October 29, 2008.

### II. STATEMENT OF FACTS

#### A. The Superseding Indictment has Structural and Definitive Errors

Defendant before the trial notified his defense attorney about the defects, although he should had known or knew the facts and basic definitions of the related law, but either he did not understand the defects or did not care. He caused defendant stand a trial based upon a defective and erroneous indictment.

Earlier, defendant briefly brought some of these defects to the Court's attention under "Motion to Dismiss per Errors....". Here defendant tries to explain them in more detail.

The face of the indictment charged the defendant basically for violation of Title [21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution and Dispensing of a Controlled Substance; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution and Dispensing of a Controlled Substance Resulting in Death; 21 U.S.C. § 859: Distribution of a Controlled Substance to Persons Under Twenty-One years of Age; 21 U.S.C. § 853(a): Criminal Forfeiture of Property; 18 U.S.C. § 2(b): Causing an Act to Be Done].

Title 21 U.S.C. § 802 in composed of definitions. Some of these definition are utilized in medical practice as following:

1. Title 21 U.S.C. § 802(2); **administer** means direct application of a controlled substance to the body of a patient or reseach subject.

- 2 -

(b)(1)(C) added to § 841(a)(1). Again if you look at a real indictment; Exhibit A, you will notice the difference. This is the second defect in Bamdad's indictment.

### C. One of the Indictment's Defects Was Corrected By Mutual Agreement Between Prosecutors and the Defense Attorney at Beginnig of the trial.

At the start of the trial after the indictment was signed by the grand jury and without their approval, the indictment by stipulation between government and defense counsels the second defect [(b)(1)(C)] was removed from the indictment, although still the copy of the indictment which was handed to the petite/trial jury had the defect. pleases see; pp. 7-10 Trial Tr. 4/21/09 A.M.

### D. Mistake in Number of Pills, Which was Prescribed to Alex Clyburn, Count 19 of Indict.

Alex Clyburn was actually prescribed 90 tabs. of 30 mg. Oxycodone on April 9, 2008. but indictment says 60 Tab.

### III. ARGUMENT

Although some of the above mentioned errors/mistakes are harmless errors, but it is well known that any error or mistake in construction or definitions of the indictment is an structural error without any argument. And also multiple harmless errors would not be harmless anymore.

**SHEWFELT V. ALASKA**, 228 F.3d 1088 (9th Cir. 2000)"Structural errors" call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal."

**WHITEHEAD V. COWAN**, 263 F.3d 708 (7th Cir. 2001):A misstatement of law by a prosecutor can invalidate a conviction."

**MANCUSO V. OLIVAREZ**, 292 F.3d 939 (9th Cir. 2002)"Cumulative

- 4 -

Motion to Dismiss / Quash 1st Superseding........

error applies when, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice defendant."

CHAPMAN V. CALIFORNIA, 386 U.S. 18, 23-24, 17 L.Ed 2d. 705, 87 S.Ct. 824 (1967)[1) "HARMLESS BEYOND REASONABLE DOUBT" standard presumes prejudice and places burden on beneficiary of errors to prove beyond reasonable doubt that errors did not contribute to verdict. 2) Harmless plain error does not exist, all plain errors are harmful. 3) Harmless Constitutional Error Test is stringently applied, resolving all reasonable doubts against government. 4) There are some Constitutional Rights so have to a fair trial that their infraction can never be treated as harmless error.]

U.S. V. SARRACINO, 340 F.3d 1148 (10th Cir. 2003)"The burden of proving that an error is harmless falls on the government."

U.S. V. FUCHS, 218 F.3d 957 (9th Cir. 2000)"A trial court commits plain error when; 1) there is error, 2) that error is plain, and 3) the error affects substantial rights."

SILVEIRA V. LOCKYER, 312 F.3d 1052 (9th cir. 2002)"Court is required, whereever possible, to give force to each word in every statute,or Constitutional provision."

CEJA V. STEWART, 97 F.3d 1246 (9th Cir. 1996)"Multiple errors, even if harmless individually, may entitle petitioner to habeas relief if their cumulative effect prejudiced defendant."

Adding Dispensing and Distribution together caused duplicity in all counts of the indictment in Bamdad's case, which is not permitted by law.

U.S. V. HADDOCK, 956 F.2d 1534 (10th Cir. 1992)" 'Duplicity' is the joining of two or more seperate offenses in same count; vice of duplicity is that jury may convict the defendant without unanimously agreeing on the defendant's guilt on the same offense.

- 5 -
Motion to Dismiss / Quah the 1st Superseding......

In defendant's case, most possibly juries taught that both acts of dispensing and distributing are illegal, and were confuse in separation of them and that caused duplicity, because some may just taught about dispensing as an unlawful act and gave guilty verdict.

U.S. V. CHOY, 309 F.3d 602 (9th Cir. 2002)"Even under plain error review, if constructive amendment to indictment prejudiced defendant, the conviction must be reversed."

Some of recent cases which were reversed after conviction due to duplicity and multiplicity are as follow:

U.S. V. SAVOIRES, 430 F.3d 376 (6th Cir. 2005)(Indictment charging both carrying and possesing firearm was duplicious). Is this similar to the defendant's case? Which defendant was charged for distributing and dispensing of a controlled substance.

U.S. V. ZALAPA, 509 F.3d 1060 (9th Cir. 2007)(Court must dismiss multiplicious counts). Which in Bamdad's case is basically all of the counts

U.S. V. KERLEY, 544 F.3d 172 (2nd Cir.), cert. denied, 129 S.Ct. 1052 (2009)(Two counts of failure to pay child support, based on the same transaction, were multiplicious).

U.S. V. SHELLEF, 507 F.3d 82 (2nd Cir. 2007)(Tax counts and wire fraud counts should not have been joined).

U.S. V. HOLMES, 44 F.3d 1150 (2nd Cir. 1995)(Money laundering and structuring counts based on the same transaction were multiplicious).

Also trial court, prosecutors, and defense attorney without approval by the grand jury are not allowed to change or amend any indictment which as previously mentioned was happened at beginning of trial in Bamdad's case.

U.S. V. CIANCI, 378 F.3d 71 (1st Cir. 2004)(Amending the indictment is considered prejudicial per se and thus demands reversal.).

- 6 -

Motion to dismiss / Quash the 1st Superseding.......

U.S. V. BUDD, 496 F.3d 517 (6th Cir. 2007)"Both actual and constructive amendments to an indictment are considered per se prejudicial and are reversible error."

U.S. V. DHINSA, 243 F.3d 635 (2nd Cir. 2001)"An indictment may not be amended except by resubmission to the grand jury."

U.S. V. DIPENTINO, 242 F.3d 1090 (9th Cir. 2001)(Trial court constructively amended indictment, and later the conviction is reversed).

### IV. CONCLUSION:

Per all the above errors; structure of the indictment, duplicity and multiplicity, beside the fact that government with perjured testimony as it previously brought to the honorable Court attention under Motion to Dismiss per Errors....which was filed on November 30, 2009 in this court, obtained this tainted indictment. Defendant respectfully prays that this Court dismiss the action and relieves the defendant, due to violations of due process, and defendant's V & XIV Constitutional Amendments.

Respectfully submitted,

Dated: December 28/09

Masoud Bamdad, Defendant Pro Se

### Declaration

Defendant, Masoud Bamdad, Pro Se, under penalty of perjury declares the the foregoing is true and correct to the best of his knowledge.

Masoud Bamdad, Defendant Pro Se

Defendant reserves the right of any future amend or supplement to this Motion

- 7 -
Motion to dismiss / Quash the 1st Superseding.......

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2006 Grand Jury

| UNITED STATES OF AMERICA, | ) | CR No. 07- **07-00778** |
|---|---|---|
| Plaintiff, | ) | |
| | ) | I N D I C T M E N T |
| v. | ) | |
| | ) | [21 U.S.C. § 841(a)(1): |
| BASSAM YASSINE, | ) | Unlawful Distribution of |
| | ) | Controlled Substances; |
| Defendant. | ) | 21 U.S.C. § 853: Criminal |
| | ) | Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FOURTEEN

[21 U.S.C. § 841(a)(1)]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant BASSAM YASSINE, a physician licensed to practice medicine in the State of California, while acting outside the scope of professional practice, knowingly, intentionally and unlawfully distributed and dispensed and caused the intentional and unlawful

DAK:dak

PROOF OF SERVICE

I, the undersigned, state that:

I am over age of 18 years, a resident of the county of Los Angeles and not a party to this action.

On December 28, 2009, I served a true copy of the within **Motion to Quash / Dismiss 1st Superseding Indictment...** on the below listed parties, by depositing same in a sealed envelope, with sufficient postage thereon, in the 'outgoing' mailbox at the MDC-LA, Los Angeles, CA.

✓  Clerk of the Court
   United States Courthouse
   312 N. Spring St.
   Los Angeles, CA  90012


___ United States Attorneys' Offices
    United States Courthouse
    312 N. spring St. 14th Fl.
    Los angeles, CA  90012
    Attn: AUSA

My name is Danny Fabricant my address is: MDC, LA, P.O. Box 1500, Los Angeles, CA  90053-1500.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 28, 2009, at Los Angeles, California.

*Danny Fabricant*