GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN (CA Bar no. 236653)
Assistant United States Attorney
XOCHITL ARTEAGA (CA Bar no. 227034)
Assistant United States Attorney
     12th Floor United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3756/0500
     Facsimile: (213) 894-0141
     Email:    Stephanie.Christensen@usdoj.gov
     Email:    Xochitl.Arteaga@usdoj.gov
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT (CA Bar no. 157311)
Assistant United States Attorney
     14th Floor United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-7177
     Email:    Monica.Tait@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 08-506(A) GW |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF FORFEITURE |
| | ) | |
| v. | ) | |
| | ) | |
| MASOUD BAMDAD, | ) | |
| | ) | |
| Defendant. | ) | |

Upon consideration of the application of plaintiff United States of America for a preliminary order of forfeiture pursuant to the forfeiture count of the Indictment, defendant's convictions on Counts Two through Eleven and Twenty-Three through Twenty-Five, and

the jury's special verdict regarding forfeiture, and Rule 32.2(b), Federal Rules of Criminal Procedure, the court ORDERS as follows:

The following property is subject to forfeiture to the United States: the real property located at 326 North Maclay Avenue, San Fernando, California 91340 ("Maclay property"), which is more particularly described as follows:

> LOT 11 AND 12 IN BLOCK "U" OF MACLAY'S ADDITION TO SAN
> FERNANDO, IN THE CITY OF SAN FERNANDO, COUNTY OF LOS
> ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
> 17 PAGES 11 AND 12 OF MISCELLANEOUS RECORDS, IN THE
> OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
> ASSESSOR'S PARCEL NUMBER: 2519-006-005

All right, title, and interest of defendant Masoud Bamdad in the Maclay property is hereby forfeited to the United States.

IT IS FURTHER ORDERED as follows:

A. Upon entry of this order, and pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the United States Attorney General (or his designee, the United States Marshals Service ("USMS")) is authorized to seize the Maclay property. Such seizure shall be a constructive seizure as follows:

   1. The USMS shall deliver a copy of this Order to a responsible adult doing business at the Maclay property during normal business hours; and

   2. The USMS shall conduct a full inspection of the property, including an appraisal. The USMS shall be authorized to use any contract personnel, including real estate appraisers, in order to carry out this directive. The

1        USMS shall attempt to secure the agreement of the current
2        custodian of the Maclay property to the time and date of an
3        inspection and an appraisal.  After making two written
4        attempts to arrange a mutually agreeable date and time, if no
5        agreement to a date and time is reached (or if no responses to
6        its written attempts are received), the USMS is hereby
7        authorized to conduct the inspection and appraisal at any time
8        during normal business hours.
9  The constructive seizure provisions set forth herein are subject to
10 modification upon application of the United States.
11      B.   Upon entry of this Order, the United States is authorized
12 to conduct any discovery for the purpose of disposing of the Maclay
13 property, in accordance with 21 U.S.C. § 853(m) and Rule 32.2(b)(3)
14 of the Federal Rules of Criminal Procedure.  "Any discovery" shall
15 include all methods of discovery permitted under the Federal Rules
16 of Civil Procedure.
17      C.   Upon entry of this Order, the United States Attorney
18 General (or a designee) is authorized to commence any applicable
19 proceeding to comply with statutes governing third party rights,
20 including giving notice of this Order.  The following paragraphs
21 shall apply to any ancillary proceeding conducted in this matter:
22           (1)  The USMS shall publish notice of this Order, notice
23 of the Marshal's intent to dispose of such property in such manner
24 as the Attorney General may direct, and notice that any person,
25 other than the defendant, having or claiming a legal interest in
26 the property must file a petition with the Court within thirty (30)
27 days of the publication of notice or receipt of actual notice,
28

3

whichever is earlier.  Such publication shall be carried out pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(as amended, effective December 1, 2009).  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Maclay property.

(2)  Any person, other than defendant Bamdad, asserting a legal interest in the Maclay property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

(3)  Any petition filed by a third party asserting an interest in the Maclay property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

(4)  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

(5)  The United States shall have clear title to the Maclay property following the Court's disposition of all third-party interests, or, if no petitions are filed, following the

4

1  expiration of the period provided in 21 U.S.C. § 853(n)(2) for the
2  filing of third party petitions.
3     D.   Pursuant to Fed. R. Crim. P. 32.2(b), this Preliminary
4  Order of Forfeiture shall become final as to defendant Masoud
5  Bamdad at the time of sentencing and shall be made part of his
6  sentence and included in his judgment.
7     E.   The Court shall retain jurisdiction to enforce this
8  Order, and to amend it as necessary.
9  DATED: January 29, 2010          _____
                                    THE HONORABLE GEORGE WU
10                                  UNITED STATES DISTRICT JUDGE

11
   PRESENTED BY:
12
   GEORGE S. CARDONA
13 Acting United States Attorney

14 /s/ Monica E. Tait
   MONICA E. TAIT, AUSA
15 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

5