Original

1  MASOUD BAMDAD
   47237-112
2  Metropolitan Detention Center
   P.O. Box 1500
3  Los Angeles, CA  90053-1500

4  Defendant Pro Se

FILED
CLERK, U.S. DISTRICT COURT

FEB - 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

5                  UNITED STATES DISTRICT COURT

6            FOR THE CENTRAL DISTRICT OF CALIFORNIA

7                        WESTERN DIVISION

8  UNITED STATES OF AMERICA,     )
                      Plaintiff, )   CASE NO.: CR08-506(A)GW
9                                )
                                 )   DEFENDANT'S REPLY TO THE
10         v.                    )   GOVERNMENT'S OPPOSITION TO
                                 )   MOTION TO DISMISS/QUASH 1ST
11 MASOUD BAMDAD,                )   SUPERSEDING INDICTMENT PER
                                 )   VIOLATIONS OF DEFENDANT'S V & XIV
12                    Defendant. )   AMENDMENTS TO CONSTITUTION
                                 )
13                               )   Date of Hearing: February 11, 2010
                                 )   Time of Hearing: 8:00 a.m.
14 _____)   Courtroom: Hon. Judge George H. Wu

15         COMES NOW, Defendant Pro Se, Masoud Bamdad, M.D., replies to the

16 government's opposition to the Motion To Dismiss/Quash The 1st Superseding

17 Indictment Per Violations of Defendant's V & XIV Amendments to Constitution.

18 Government tries to combine this motion with another motion, Motion For

19 Acquittal/Dismiss per Vindictive and Selective Prosecution.  With this

20 strategy government intends to produce confusion for the Court and the

21 Defendant.  In case if the honorable Court decided to grant one and deny

22 the other one, maybe with this tactic both get denied. But the defendant

23 humbly requests the honorable Court look at these two motions separately

24 and rule on each one separate.

25         Government claims that, the defendant cannot make a substantive

26 showing that the government violated the Fifth or Fourteenth Amendment.

27 In actuality, government violated the due process in every aspect of this

28 case proceedings; from Affidavit, Misleading Grand Jury, Preparing the

1   Indictment, Selective and Vindictive Prosecution. Are these violation of

2   the Fifth and Fourteenth Amendment due to violation of due process? But the

3   defendant's purpose to bring this motion to the attention of the honorable

4   Court is just defect in format of the 1st superseding indictment.

5           Defendant argues that the indictment is faulty, and cannot properly

6   state a charge, because it mixed lawful and probable unlawful acts together

7   as explanation of the statue. Because grand and petit juries usually do not

8   have legal knowledge, and may interpret the indictment falsely. The juries

9   without explaining to them do not know that dispensing by definition is a

10  lawful act. In addition how could somebody violates a lawful act. This way

11  juries believe that dispensing could be unlawful act of a physician, and

12  their decision is going to be based on that act. But if the government just

13  charges the accused for distribution, grand jury may never indict, and think

14  that how a physician that allows by the law to prescribe medication can

15  distribute them illegaly by his prescription.

16          Government claims that they dismiss the disputed count after the

17  court declared a mistrial for Count 19 of the 1st Superseding Indictment.

18  In reality this Count was the count that the government used it as spill-over

19  technique to convict this defendant on the other counts. Without this count

20  the proof of any criminal activity was close to impossible for the government

21  By using this count government produce emotion in the jury, and jury taught

22  if he is not guilty of that person's death but he is guilty of something.

23  Now government claims that like nothing happened, and no misconduct was

24  performed. To take somebody innocent and try him for causing somebody death

25  Now we could not proof our case, then no problem! And if government agrees

26  that they they did not needed to prove the amount of oxycodone, so they can-

27  not bring any amount to the sentencing. Because per **APPRENDI** & **BLAKELY**;"any

28  sentence enhancement not admitted by the defendant or found by a jury

- 2 -

Defendant's Reply to the Government's Opposition To Motion to Dismiss/Quash

1 violates a defendant's Sixth Amendment right to trial by jury." This case is

2 not an ordinary drug case. In order to find this defendant guilty, govern-

3 ment should indict him correctly, and proof every single pills beyond a rea-

4 sonable doubt by a rational jury not an inconsistent jury. Government cannot

5 calculate the amount of alleged illegal distribution by just guess work.

6     The charges in every single count are duplicitous, because every single

7 count is charged as **Dispensing** and **Distribution**. If this is not duplicitous,

8 so what is that? Based on the definitions § 802 (10 & 11), dispensing and

9 distribution are two different entities and they are not alternate means of

10 each other as the government claims. See, **U.S. V. SAVOIRES**, 430 F.3d 375

11 (6th Cir. 2005)(Indictment charging both carrying and possesing firearm is

12 duplicious).

13     The indictment is multiplicitous, and government did not prove differ-

14 ent facts for each. The government proof was just writing the prescription

15 and filling by pharmacist, although the government did not prove this issue

16 for 8 counts of undercover agents. Plus at least undercover counts were

17 multiplicitous, because government did not prove different facts, and even

18 about the date of prescriptions or visit of the patients, government said on

19 or about such and such date. And a certain date is not mentioned.

### CONCLUSION

21     For the aforesaid reasons, defendant believes that this honorable

22 Court should grant the defendant's motion, and reviews this motion under

23 the newly discovered material.

24 Dated: February 2 , 2010          Respectfully submitted,

27                                    Masoud Bamdad, Defendant Pro Se

Defendant's Reply to the Gov. Opposition to Motion to Dismiss/Quash 1st Supersed...

## PROOF OF SERVICE

I the undersigned, state that:

I am over age of 18 years, and resident of the county of Los Angeles and not a party to this action.

On _Feb. 2, 2010_, I served a true copy of the within Defendant's *Reply to the Government's opposition to Motion to Dismiss/ Quash 1st superseding indictment per Violations of Defendant's V & XIV Amendments to Constitution* on the below listed parties, by:

_____ Delivery in Person

✓ Depositing same in a sealed envelope, with sufficient postage thereon, in the United States Mail at Los Angeles, California. To:

✓ Clerk of the Court
    United States Courthouse
    312 N. Spring St.
    Los Angeles, CA  90012


_____ United States Attorneys' Offices
    United States Courthouse
    312 N. spring St. 14th Fl.
    Los Angeles, CA  90012
    -Attn: AUSA Ms. Christensen

My name is _Shahram Dastmalchian_ my address is; 326 N. Maclay Ave., San Fernando, CA  91340

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on _Feb. 2, 2010_, at Los Angeles, California.


_Shahram Dastmalchian_