1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Section
   STEPHANIE S. CHRISTENSEN (CA Bar No. 236653)
4  Assistant United States Attorney
   XOCHITL ARTEAGA (CA Bar No. 227034)
5  Assistant United States Attorney
        12th Floor United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone: (213) 894-3756/0500
         Facsimile: (213) 894-0141
8        Email:    Stephanie.Christensen@usdoj.gov
         Email:    Xochitl.Arteaga@usdoj.gov
9  STEVEN R. WELK
   Assistant United States Attorney
10 Chief, Asset Forfeiture Section
   MONICA E. TAIT (CA Bar No. 157311)
11 Assistant United States Attorney
   Asset Forfeiture Section
12      14th United States Courthouse
        312 North Spring Street
13      Los Angeles, California 90012
        Telephone:  (213) 894-2931
14      Facsimile:  (213) 894-7177
        e-mail:    Monica.tait@usdoj.gov
15
   Attorneys for Plaintiff
16 United States of America

17                   UNITED STATES DISTRICT COURT
18          FOR THE CENTRAL DISTRICT OF CALIFORNIA
19                       WESTERN DIVISION
20

21 UNITED STATES OF AMERICA      )    CR 08-00506-GW
                                 )    **Ancillary proceeding**
22          Plaintiff,           )
                                 )    STIPULATION BETWEEN UNITED
23      v.                       )    STATES OF AMERICA AND
                                 )    PETITIONER MSB INVESTMENT
24 MASOUD BAMDAD                 )    GROUP, LLC AND REQUEST FOR
                                 )    ENTRY OF FINAL ORDER OF
25          Defendant.           )    FORFEITURE, RESOLVING
                                 )    ANCILLARY PROCEEDING
26 _____)
   MSB INVESTMENT GROUP, LLC,    )
27                               )
            Petitioner.          )
28                               )
   _____)

1    IT IS HEREBY STIPULATED by and between the United States of

2  America and MSB Investment Group, LLC ("MSB"), as follows:

3    1.  On January 29, 2010, this Court entered a Preliminary

4  Order of Forfeiture, forfeiting all right, title and interest of

5  defendant Masoud Bamdad in the real property located at 326 North

6  Maclay Avenue, San Fernando, California 91340 ("subject

7  property"), which is more particularly described as follows:

8         LOT 11 AND 12 IN BLOCK "U" OF MACLAY'S ADDITION TO SAN
          FERNANDO, IN THE CITY OF SAN FERNANDO, COUNTY OF LOS
9         ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
          BOOK 17 PAGES 11 AND 12 OF MISCELLANEOUS RECORDS, IN
10        THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
          ASSESSOR'S PARCEL NUMBER: 2519-006-005

11

12    2.  Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of

13  Criminal Procedure, the Preliminary Order of Forfeiture became

14  final as to Defendant Bamdad at the time of his sentencing on

15  July 29, 2010, was made a part of his sentence and has been

16  included in the criminal judgment entered by this Court against

17  him.

18    3.  According to public records, the Subject Property is

19  titled to MSB.  The United States sent direct notice of the

20  forfeiture to Shabnam Dastmalchian and to MSB.  MSB filed a

21  petition, but Dastmalchian did not, and her deadline for doing so

22  expired on June 21, 2010.

23    4.  In addition, the United States published notice of the

24  Preliminary Order of Forfeiture as required by Rule 32.2(b)(6)(C)

25  by posting notice on an official government website for 30

26  consecutive days ending on March 13, 2010.  Pursuant to 21 U.S.C.

27  § 853(n)(2), the last day for any third party other than MSB or

28  Dastmalchian to file a petition for a hearing to adjudicate the

validity of an interest in the Subject Property was April 12, 2010.  Apart from MSB, no other third party has filed a petition pursuant to 21 U.S.C. § 853(n).  Accordingly, the time for any third party other than MSB to file a petition has expired.

5.    The parties stipulate and agree to the Court's entry of the accompanying Final Order of Forfeiture with respect to the Subject Property.

6.    The parties stipulate and agree that the Subject Property shall be sold for fair market value and the proceeds from that sale distributed in accordance with this stipulation and the accompanying Final Order of Forfeiture.  MSB shall serve a copy of the parties' stipulation and the Final Order of Forfeitiure upon all adult occupants of the Subject Property.

7.    The sale of the Subject Property shall be accomplished as follows:

      a.    Sale Efforts by MSB:

            i.    MSB shall propose a licensed real estate agent to list the Subject Property for sale and a licensed escrow agency through which its sale can be conducted.  MSB's proposed choice of real estate agent, the agent's real estate commission and fees, and the escrow agency and escrow fee shall be subject to the written approval of government counsel, which approval shall not be unreasonably withheld.  MSB shall serve each proposed real estate agent and escrow agency with a copy of the Final Order of Forfeiture so that the real estate professionals understand the restrictions on their participation imposed by the Final Order of Forfeiture.  If MSB fails to obtain the written approval of government counsel of its proposed real estate agent

3

1   and escrow agency within 45 days of the date of entry of the

2   accompanying Final Order of Forfeiture, paragraph 7(b) of this

3   Stipulation and the Order shall apply (providing for sale of the

4   Subject Property by the government);

5                   ii.  After the real estate agent and escrow agency

6   are determined, MSB shall propose a listing price for the sale of

7   the Subject Property, which shall be subject to the written

8   approval of government counsel, which approval will not

9   unreasonably be withheld.  The USMS's most recent appraised value

10  for the Subject Property has already been communicated to counsel

11  for MSB.  It shall not be unreasonable for government counsel to

12  reject a listing price that is less than 75% of the USMS's most

13  recent appraised value.

14                  iii. In the event MSB locates a proposed buyer for

15  the Subject Property, all terms of the proposed sale and escrow,

16  including without limitation identity of the buyer and the sale

17  price, shall be subject to the written approval of government

18  counsel.  MSB is not authorized to accept any offer for the sale

19  of the Subject Property without obtaining such approval in

20  advance.  Approval described in this subparagraph shall not

21  unreasonably be withheld.

22                  iv.  In the event an escrow is opened with an

23  approved buyer, which escrow period shall be no more than 60 days

24  unless modified in writing by the undersigned parties, all escrow

25  instructions and all proposed changes thereto shall be subject to

26  the written approval of government counsel.  The terms of the

27  Final Order of Forfeiture shall be part of the escrow

28  instructions.  There shall be no payments to anyone from the sale

4

1  of the property outside of escrow.  All exchanges of funds in

2  connection with the sale of the property shall be stated on the

3  Final Settlement Statement.

4              v.   The proceeds of any approved sale shall be

5  distributed through escrow as follows:

6                  (A)   First, payment of all outstanding real

7  property taxes to the Los Angeles County Tax Collector to the

8  date of the sale;

9                  (B)   Second, payment to lienholders, if any,

10 whose liens pre-date the government's lis pendens recorded

11 against the Subject Property;

12                 (C)   Third, payment of all costs of escrow

13 and sale as approved in advance in writing by counsel for the

14 government, including the real estate sales commission and

15 applicable fees triggered by the sale of the Subject Property;

16                 (D)   Fourth, to the extent funds remain, said

17 funds (the "Net Proceeds") shall be distributed as follows: 50%

18 of the Net Proceeds to the United States by check payable to

19 "United States Marshals Service," and 50% of the Net Proceeds to

20 MSB by check payable to "MSB Investment Group, LLC."

21             vi.   Upon payment of the portion of the Net

22 Proceeds to the USMS pursuant to paragraph 7(a)(v)(D), all right,

23 title, and interest of MSB and all other potential petitioners in

24 such portion is hereby condemned and forfeited to the United

25 States without further order of this Court, and the United States

26 shall have judgment as to the interests of MSB, and all other

27 potential petitioners, in such portion.  The USMS shall dispose

28 of the government's portion of the Net Proceeds in accordance

1   with law;

2            b.   Sale of Subject Property by United States: If,

3   after the expiration of 180 days after the date the accompanying

4   Final Order of Forfeiture is entered, MSB shall have failed to

5   (1) procure a final, fully executed, and legally binding

6   agreement for the sale of the Subject Property that is approved

7   in writing by the United States and in accordance with the Final

8   Order of Forfeiture, and (2) cause an escrow to be opened that is

9   capable of promptly finalizing the transfer of title to the

10  Subject Property, the United States shall proceed promptly to

11  sell the Subject Property. *Provided*, if prior to the expiration

12  of 180 days from the date of entry of the Final Order of

13  Forfeiture MSB demonstrates to government counsel that MSB has

14  been diligent in its attempts to (1) procure a final, fully

15  executed, and legally binding agreement for the sale of the

16  Subject Property that is approved in writing by the United States

17  and in accordance with the Final Order of Forfeiture, and (2)

18  cause an escrow to be opened that is capable of promptly

19  finalizing the transfer of title to the Subject Property obtain a

20  loan for the purpose of paying the Liquidation Amount, but

21  requires additional time to complete the sale, sale by the United

22  States may be deferred for an additional 180 days to allow MSB to

23  complete the sale, subject to counsel for the government

24  consenting to such extension.  Consent described in this

25  paragraph will not be unreasonably withheld.  The following

26  provisions apply to sale by the United States:

27            i.   The proceeds of any sale by the United States

28  shall be distributed as follows:

6

1          (A)   First, payment of all outstanding real

2    property taxes to the Los Angeles County Tax Collector to the

3    date of the sale;

4          (B)   Second, payment to lienholders, if any,

5    whose liens pre-date the government's lis pendens recorded

6    against the Subject Property;

7          (C)   Third, payment of all costs of escrow

8    and sale, including the real estate sales commission and

9    applicable fees triggered by the sale of the Subject Property;

10         (D)   Fourth, to the extent funds remain, said

11   funds (the "Net Proceeds") shall be distributed as follows: 50%

12   of the Net Proceeds to the United States by check payable to

13   "United States Marshals Service," and 50% of the Net Proceeds to

14   MSB by check payable to "MSB Investment Group, LLC."

15      8.   All occupants of the Subject Property shall vacate the

16   Subject Property pursuant to the following schedule:

17         a.   In the case of a sale pursuant to paragraph 7(a):

18   by no later than 5:00 p.m. on the 10th calendar day prior to the

19   close of escrow specified in the escrow instructions approved by

20   counsel for the government.

21         b.   In the case of a sale pursuant to paragraph 7(b):

22   by no later than 5:00 p.m. on the 30th calendar day prior to the

23   close of escrow specified in the escrow instructions approved by

24   counsel for the government.  If the occupants fail to vacate the

25   Subject Property, regardless of any state law provisions, the

26   USMS shall enter and take possession of the Subject Property by

27   whatever reasonable means are necessary, to evict all occupants

28   and remove their personal property, without further notice or

7

1  court order.

2      9.    Until the date the Subject Property is sold to a third

3  party, or until USMS takes possession of the Subject Property,

4  whichever is earlier, MSB shall:

5          a.    Maintain the Subject Property at MSB's expense in

6  the same, or better, condition as it existed on February 17, 2010

7  (the date the United States most recently inspected the

8  property).  "Maintain" includes, but is not limited to: keeping

9  the Subject Property free of hazards and/or structural defects,

10 keeping all heating, air conditioning, plumbing, electrical, gas,

11 oil, and other power facilities in good working condition;

12 keeping the Subject Property clean and providing all necessary

13 facilities for proper sanitation and waste removal; and providing

14 any other ordinary and necessary items of routine maintenance.

15         b.    Timely pay all taxes assessed against the Subject

16 Property, and all taxes currently in arrears (if any), by the

17 taxing authority of Los Angeles County, California, all dues,

18 association fees, utility, sewer, trash, and any other

19 expenditures otherwise necessary with respect to the Subject

20 Property.  MSB agrees to abide by all laws, codes, regulations,

21 ordinances, covenants, rules, bylaws, binding agreements, and/or

22 conditions pertaining to the care, maintenance, control, and use

23 of the Subject Property.  MSB shall provide proof of payment of

24 the taxes specified in this paragraph to the U.S. Marshals

25 Service ("USMS") within 30 days of payment.

26         c.    Acquire and maintain valid casualty and fire

27 insurance equal to the full replacement cost of the Subject

28 Property and all improvements thereon, including policies

covering liability to persons injured on the Subject Property. MSB agrees to maintain liability insurance for the injuries occurring on or resulting from use of the Subject Property, or activities or condition thereon, in the minimum amount of $2,000,000.00.  Additionally, MSB shall arrange for a rider to all the above mentioned policies naming the United States of America as a loss payee and additional insured.

d.   Deliver copies of the insurance policies described in subparagraph 9(c) to the USMS no later than the tenth calendar day following the execution of this Agreement.  MSB agrees to hold the United States harmless for any and all claims against the United States arising out of the injury to persons on the Subject Property, except as directly caused by an agent of the United States of America.

e.   Not convey, sell, lease, encumber, remodel, or allow any tenant of the Subject Property to remodel, or attempt to transfer title to the Subject Property without the express prior and written consent of the USMS and the Chief, Asset Forfeiture Section, United States Attorney's Office.

10.   The USMS and its authorized representative(s) have the right to enter, inspect, and/or appraise the Subject Property, including all buildings, until it is sold.  All inspections will be conducted during daylight hours and after a telephone call to MSB's designated agent announcing such inspection.  This announcement will be made at a reasonable time prior to inspection, typically on 24 hours notice to MSB.  Provided, MSB also agrees to allow such right of entry without notice on an emergency basis.  An emergency is anything that would lead to

1  imminent damage or destruction of or to the Subject Property.

2      11.   In the event defendant Masoud Bamdad's conviction on

3  one or more counts giving rise to forfeiture is affirmed by the

4  Ninth Circuit Court of Appeals, the Net Proceeds, if any,

5  received by USMS pursuant to paragraph 7 and all interest

6  actually earned thereon (collectively, the "Net to USMS") remain

7  forfeited to the United States pursuant to the affirmed count(s).

8  The "count(s) giving rise to forfeiture" are counts Counts Two

9  through Eleven, Twenty-Three, Twenty-Four, and Twenty-Five of the

10 First Superseding Indictment.

11     12.   In the event defendant Bamdad's convictions on each and

12 every count giving rise to forfeiture are reversed, the following

13 provisions shall apply:

14         a.   The Net to USMS shall be held by USMS pending

15 retrial, and shall be substituted in place of the Subject

16 Property during any forfeiture phase of such retrial conducted

17 pursuant to Fed. R. Crim. P. 32.2 (b)(1) and/or (b)(5).

18         b.   If the Net to USMS is found to be subject to

19 forfeiture on such retrial, MSB and Shabnam Dastmalchian waive

20 and relinquish all rights each of them may have pursuant to 21

21 U.S.C. § 853(n) to petition the court to adjudicate the validity

22 of their alleged interest(s) in the Net to USMS.

23         c.   If the Net to USMS is found <u>not</u> to be subject to

24 forfeiture on such retrial, and if the United States does not

25 appeal such decision, the USMS shall return the Net to USMS to

26 MSB, unless defendant Bamdad objects at that time.   (If defendant

27 Bamdad objects, the court shall decide any dispute between Bamdad

28 and MSB.)   *Provided*, if the United States does appeal such

1   decision, the USMS shall continue to hold the Net to USMS pending

2   the outcome of such appeal. *Provided further*, any subsequent

3   retrial following such appeal shall be conducted in accordance

4   with paragraphs 12(a)-(c).

5       13.   MSB shall not violate any federal, state, or local law

6   or ordinance, and shall not allow any other occupant to violate

7   any federal, state, or local law or ordinance on the Subject

8   Property.  MSB shall not use the Subject Property so that it

9   poses a danger to the health or safety of the public, or a danger

10  to law enforcement, or use the Subject Property so that it

11  adversely affects the liability of the USMS or authorized

12  designee to manage the Subject Property.

13      14.   MSB shall not remove, destroy, alienate, transfer,

14  detract from, remodel or alter in any way, the Subject Property

15  or any fixture without express written consent of USMS.  Ordinary

16  wear is excepted from this paragraph.

17      15.   MSB acknowledges that the removal or destruction of

18  property under the care, custody, or control of USMS constitutes

19  a violation of federal criminal law (18 U.S.C. § 2233).

20      16.   Amendments to this Agreement shall be made in writing

21  and must be signed by all parties.

22      17.   MSB's designated agent for communications concerning

23  this agreement is Shabnam Dastmalchian, at the Subject Property.

24  Until otherwise advised in writing by MSB, USMS may contact Ms.

25  Dastmalchian directly concerning the implementation of this

26  agreement.

27      18.   By entering into this agreement, neither the United

28  States nor MSB admit or deny any fact concerning the ownership of

1   the Subject Property, or the interests of Bamdad or Dastmalchian

2   in the property, other than the facts specifically set forth

3   herein.   Each of the parties below shall execute all

4   documentation necessary to carry out this agreement.   Each party

5   waives its right to appeal the accompanying Final Order of

6   Forfeiture.   Each party shall bear its own costs of litigation

7   and attorney's fees.

8       19.   The district court retains jurisdiction over this case

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

28

1 | and the parties hereto to effectuate the terms of this agreement

2 | and the accompanying Final Order of Forfeiture.

3 |     SO STIPULATED.

4 |     DATED: 12/13/2010    ANDRÉ BIROTTE JR.

5 |     United States Attorney
    ROBERT E. DUGDALE
    Assistant United States Attorney

6 |     Chief, Criminal Division
    STEVEN R. WELK

7 |     Assistant United States Attorney
    Chief, Asset Forfeiture Section

8 |

9 |     MONICA E. TAIT
    Assistant United States Attorney

10 |

11 |     Attorneys for Plaintiff
    UNITED STATES OF AMERICA

12 |

13 |     DATED: 12/13/10    MSB INVESTMENT GROUP, LLC

14 |     SHABNAM DASTMALCHIAN
    Managing Member

15 |

16 |     DATED: 12/13/10    MICHAEL BRUSH, ESQ.

17 |     Attorney for

18 |     MSB INVESTMENT GROUP LLC

19 |

20 | The undersigned declares under penalty of perjury that:

21 |     1.    I am a duly-appointed managing member of MSB Investment

22 | Group, LLC.

23 |     2.    I am authorized by MSB Investment Group LLC. to execute

24 | this document on behalf of MSB Investment Group LLC.

25 |     3.    I also sign this agreement in my individual capacity in

26 | connection with paragraph 12.

27 |     DATED: 12/13/10

28 |     SHABNAM DASTMALCHIAN
    Managing Member

13