ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Section
STEPHANIE S. CHRISTENSEN (CA Bar No. 236653)
Assistant United States Attorney
XOCHITL ARTEAGA (CA Bar No. 227034)
Assistant United States Attorney
12th Floor United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3756/0500
Facsimile: (213) 894-0141
Email: Stephanie.Christensen@usdoj.gov
Email: Xochitl.Arteaga@usdoj.gov
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT (CA Bar No. 157311)
Assistant United States Attorney
Asset Forfeiture Section
14th United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2931
Facsimile: (213) 894-7177
e-mail: Monica.tait@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MASOUD BAMDAD<br><br>Defendant.<br>_____________________________<br>MSB INVESTMENT GROUP, LLC,<br><br>Petitioner.<br>_____________________________ | CR 08-00506-GW<br>**Ancillary proceeding**<br><br>FINAL ORDER OF FORFEITURE, RESOLVING ANCILLARY PROCEEDING |

The Court, having reviewed the stipulation between the United States of America and ancillary petitioner MSB Investment Group, LLC (“MSB”), and finding good cause for the entry of this Order, hereby ORDERS as follows:

1. On January 29, 2010, this Court entered a Preliminary Order of Forfeiture, forfeiting all right, title and interest of defendant Masoud Bamdad in the real property located at 326 North Maclay Avenue, San Fernando, California 91340 ("subject property"), which is more particularly described as follows:

> LOT 11 AND 12 IN BLOCK "U" OF MACLAY'S ADDITION TO SAN FERNANDO, IN THE CITY OF SAN FERNANDO, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 17 PAGES 11 AND 12 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
> ASSESSOR'S PARCEL NUMBER: 2519-006-005

2. Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, the Preliminary Order of Forfeiture became final as to Defendant Bamdad at the time of his sentencing on July 29, 2010, was made a part of his sentence and has been included in the criminal judgment entered by this Court against him.

3. According to public records, the Subject Property is titled to MSB. The United States sent direct notice of the forfeiture to Shabnam Dastmalchian and to MSB. MSB filed a petition, but Dastmalchian did not, and her deadline for doing so expired on June 21, 2010.

4. In addition, the United States published notice of the Preliminary Order of Forfeiture as required by Rule 32.2(b)(6)(C) by posting notice on an official government website for 30 consecutive days ending on March 13, 2010. Pursuant to 21 U.S.C.

§ 853(n)(2), the last day for any third party other than MSB or Dastmalchian to file a petition for a hearing to adjudicate the validity of an interest in the Subject Property was April 12, 2010. Apart from MSB, no other third party has filed a petition pursuant to 21 U.S.C. § 853(n). Accordingly, the time for any third party other than MSB to file a petition has expired.

5. The United States and MSB have stipulated and agree to the Court's entry of this Final Order of Forfeiture with respect to the Subject Property.

6. The parties have stipulated and agreed that the Subject Property shall be sold for fair market value and the proceeds from that sale distributed in accordance with their Stipulation and this Order. MSB shall serve a copy of the parties' stipulation and this Order upon all adult occupants of the Subject Property.

7. The sale of the Subject Property shall be accomplished as follows:

a. Sale Efforts by MSB:

i. MSB shall propose a licensed real estate agent to list the Subject Property for sale and a licensed escrow agency through which its sale can be conducted. MSB's proposed choice of real estate agent, the agent's real estate commission and fees, and the escrow agency and escrow fee shall be subject to the written approval of government counsel, which approval shall not be unreasonably withheld. MSB shall serve each proposed real estate agent and escrow agency with a copy of this Order so that the real estate professionals understand the restrictions on their participation imposed by this Order. If

MSB fails to obtain the written approval of government counsel of its proposed real estate agent and escrow agency within 45 days after the date of entry of this Order, paragraph 7(b) of this Order shall apply (providing for sale of the Subject Property by the government);

ii. After the real estate agent and escrow agency are determined, MSB shall propose a listing price for the sale of the Subject Property, which shall be subject to the written approval of government counsel, which approval will not unreasonably be withheld. The USMS's most recent appraised value for the Subject Property has already been communicated to counsel for MSB. It shall not be unreasonable for government counsel to reject a listing price that is less than 75% of the USMS’s most recent appraised value.

iii. In the event MSB locates a proposed buyer for the Subject Property, all terms of the proposed sale and escrow, including without limitation identity of the buyer and the sale price, shall be subject to the written approval of government counsel. MSB is not authorized to accept any offer for the sale of the Subject Property without obtaining such approval in advance. Approval described in this subparagraph shall not unreasonably be withheld.

iv. In the event an escrow is opened with an approved buyer, which escrow period shall be no more than 60 days unless modified in writing by the undersigned parties, all escrow instructions and all proposed changes thereto shall be subject to the written approval of government counsel. The terms of this Order shall be part of the escrow instructions. There shall be

no payments to anyone from the sale of the property outside of escrow. All exchanges of funds in connection with the sale of the property shall be stated on the Final Settlement Statement.

v. The proceeds of any approved sale shall be distributed through escrow as follows:

(A) First, payment of all outstanding real property taxes to the Los Angeles County Tax Collector to the date of the sale;

(B) Second, payment to lienholders, if any, whose liens pre-date the government's lis pendens recorded against the Subject Property;

(C) Third, payment of all costs of escrow and sale as approved in advance in writing by counsel for the government, including the real estate sales commission and applicable fees triggered by the sale of the Subject Property;

(D) Fourth, to the extent funds remain, said funds (the "Net Proceeds") shall be distributed as follows: 50% of the Net Proceeds to the United States by check payable to "United States Marshals Service," and 50% of the Net Proceeds to MSB by check payable to “MSB Investment Group, LLC.”

vi. Upon payment of the portion of the Net Proceeds to the USMS pursuant to paragraph 7(a)(v)(D), all right, title, and interest of MSB and all other potential petitioners in such portion is hereby condemned and forfeited to the United States without further order of this Court, and the United States shall have judgment as to the interests of MSB, and all other potential petitioners, in such portion. The USMS shall dispose of the government's portion of the Net Proceeds in accordance

with law;

b. Sale of Subject Property by United States: If, after the expiration of 180 days after the date this Order is entered, MSB shall have failed to (1) procure a final, fully executed, and legally binding agreement for the sale of the Subject Property that is approved in writing by the United States and in accordance with this Order, and (2) cause an escrow to be opened that is capable of promptly finalizing the transfer of title to the Subject Property, the United States shall proceed promptly to sell the Subject Property. *Provided*, if prior to the expiration of 180 days from the date of entry of this Order MSB demonstrates to government counsel that MSB has been diligent in its attempts to (1) procure a final, fully executed, and legally binding agreement for the sale of the Subject Property that is approved in writing by the United States and in accordance with this Order, and (2) cause an escrow to be opened that is capable of promptly finalizing the transfer of title to the Subject Property obtain a loan for the purpose of paying the Liquidation Amount, but requires additional time to complete the sale, sale by the United States may be deferred for an additional 180 days to allow MSB to complete the sale, subject to counsel for the government consenting to such extension. Consent described in this paragraph will not be unreasonably withheld. The following provisions apply to sale by the United States.

i. The proceeds of any sale by the United States shall be distributed as follows:

(A) First, payment of all outstanding real property taxes to the Los Angeles County Tax Collector to the

date of the sale;

(B) Second, payment to lienholders, if any, whose liens pre-date the government's lis pendens recorded against the Subject Property;

(C) Third, payment of all costs of escrow and sale, including the real estate sales commission and applicable fees triggered by the sale of the Subject Property;

(D) Fourth, to the extent funds remain, said funds (the "Net Proceeds") shall be distributed as follows: 50% of the Net Proceeds to the United States by check payable to "United States Marshals Service," and 50% of the Net Proceeds to MSB by check payable to "MSB Investment Group, LLC."

8. All occupants of the Subject Property shall vacate the Subject Property pursuant to the following schedule:

a. In the case of a sale pursuant to paragraph 7(a): by no later than 5:00 p.m. on the 10th calendar day prior to the close of escrow specified in the escrow instructions approved by counsel for the government.

b. In the case of a sale pursuant to paragraph 7(b): by no later than 5:00 p.m. on the 30th calendar day prior to the close of escrow specified in the escrow instructions approved by counsel for the government. If the occupants fail to vacate the Subject Property, regardless of any state law provisions, the USMS shall enter and take possession of the Subject Property by whatever reasonable means are necessary, to evict all occupants and remove their personal property, without further notice or court order.

9. Until the date the Subject Property is sold to a third

party, or until USMS takes possession of the Subject Property, whichever is earlier, MSB shall:

a. Maintain the Subject Property at MSB's expense in the same, or better, condition as it existed on February 17, 2010 (the date the United States most recently inspected the property). "Maintain" includes, but is not limited to: keeping the Subject Property free of hazards and/or structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, and other power facilities in good working condition; keeping the Subject Property clean and providing all necessary facilities for proper sanitation and waste removal; and providing any other ordinary and necessary items of routine maintenance.

b. Timely pay all taxes assessed against the Subject Property, and all taxes currently in arrears (if any), by the taxing authority of Los Angeles County, California, all dues, association fees, utility, sewer, trash, and any other expenditures otherwise necessary with respect to the Subject Property. MSB shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements, and/or conditions pertaining to the care, maintenance, control, and use of the Subject Property. MSB shall provide proof of payment of the taxes specified in this paragraph to the U.S. Marshals Service ("USMS") within 30 days of payment.

c. Acquire and maintain valid casualty and fire insurance equal to the full replacement cost of the Subject Property and all improvements thereon, including policies covering liability to persons injured on the Subject Property. MSB shall maintain liability insurance for the injuries occurring

on or resulting from use of the Subject Property, or activities or condition thereon, in the minimum amount of $2,000,000.00. Additionally, MSB shall arrange for a rider to all the above mentioned policies naming the United States of America as a loss payee and additional insured.

d. Deliver copies of the insurance policies described in subparagraph 9(c) to the USMS no later than the tenth calendar day following the execution of the accompanying stipulation. MSB has agreed to hold the United States harmless for any and all claims against the United States arising out of the injury to persons on the Subject Property, except as directly caused by an agent of the United States of America.

e. Not convey, sell, lease, encumber, remodel, or allow any tenant of the Subject Property to remodel, or attempt to transfer title to the Subject Property without the express prior and written consent of the USMS and the Chief, Asset Forfeiture Section, United States Attorney's Office.

10. The USMS and its authorized representative(s) have the right to enter, inspect, and/or appraise the Subject Property, including all buildings, until it is sold. All inspections will be conducted during daylight hours and after a telephone call to MSB's designated agent announcing such inspection. This announcement will be made at a reasonable time prior to inspection, typically on 24 hours notice to MSB. *Provided*, MSB shall allow such right of entry without notice on an emergency basis. An emergency is anything that would lead to imminent damage or destruction of or to the Subject Property.

11. In the event defendant Masoud Bamdad's conviction on

one or more counts giving rise to forfeiture is affirmed by the Ninth Circuit Court of Appeals, the Net Proceeds, if any, received by USMS pursuant to paragraph 7 and all interest actually earned thereon (collectively, the "Net to USMS") remain forfeited to the United States pursuant to the affirmed count(s). The "count(s) giving rise to forfeiture" are counts Counts Two through Eleven, Twenty-Three, Twenty-Four, and Twenty-Five of the First Superseding Indictment.

12. In the event defendant Bamdad's convictions on each and every count giving rise to forfeiture are reversed, the following provisions shall apply:

a. The Net to USMS shall be held by USMS pending retrial, and shall be substituted in place of the Subject Property during any forfeiture phase of such retrial conducted pursuant to Fed. R. Crim. P. 32.2 (b)(1) and/or (b)(5).

b. If the Net to USMS is found to be subject to forfeiture on such retrial, MSB and Shabnam Dastmalchian waive and relinquish all rights each of them may have pursuant to 21 U.S.C. § 853(n) to petition the court to adjudicate the validity of their alleged interest(s) in the Net to USMS.

c. If the Net to USMS is found <u>not</u> to be subject to forfeiture on such retrial, and if the United States does not appeal such decision, the USMS shall return the Net to USMS to MSB, unless defendant Bamdad objects at that time. (If defendant Bamdad objects, the court shall decide any dispute between Bamdad and MSB.) *Provided*, if the United States does appeal such decision, the USMS shall continue to hold the Net to USMS pending the outcome of such appeal. *Provided further*, any subsequent

retrial following such appeal shall be conducted in accordance with paragraphs 12(a)-(c).

13. MSB shall not violate any federal, state, or local law or ordinance, and shall not allow any other occupant to violate any federal, state, or local law or ordinance on the Subject Property. MSB shall not use the Subject Property so that it poses a danger to the health or safety of the public, or a danger to law enforcement, or use the Subject Property so that it adversely affects the liability of the USMS or authorized designee to manage the Subject Property.

14. MSB shall not remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the Subject Property or any fixture without express written consent of USMS. Ordinary wear is excepted from this paragraph.

15. MSB acknowledges that the removal or destruction of property under the care, custody, or control of USMS constitutes a violation of federal criminal law (18 U.S.C. § 2233).

16. Amendments to the parties' accompanying Stipulation shall be made in writing and must be signed by all parties.

17. MSB's designated agent for communications concerning the parties' accompanying Stipulation and this Order is Shabnam Dastmalchian, at the Subject Property. Until otherwise advised in writing by MSB, USMS may contact Ms. Dastmalchian directly concerning the implementation of the parties' accompanying Stipulation and this Order.

18. The United States and MSB shall execute all documentation necessary to carry out their Stipulation and this Order. Each party waives its right to appeal this Order. Each

party shall bear its own costs of litigation and attorney's fees.

19. The district court retains jurisdiction over this case and the parties hereto to effectuate the terms of this Order.

**IT IS SO ORDERED.**

DATED: December 17, 2010

George H. Wu

THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE