```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Section
    STEPHANIE S. CHRISTENSEN (CA Bar No. 236653)
 4  Assistant United States Attorney
    XOCHITL ARTEAGA (CA Bar No. 227034)
 5  Assistant United States Attorney
         12th Floor United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-3756/0500
         Facsimile: (213) 894-0141
 8       Email:     Stephanie.Christensen@usdoj.gov
         Email:     Xochitl.Arteaga@usdoj.gov
 9  STEVEN R. WELK
    Assistant United States Attorney
10  Chief, Asset Forfeiture Section
    MONICA E. TAIT (CA Bar No. 157311)
11  Assistant United States Attorney
    Asset Forfeiture Section
12       14th United States Courthouse
         312 North Spring Street
13       Los Angeles, California 90012
         Telephone:  (213) 894-2931
14       Facsimile:  (213) 894-7177
         e-mail:     Monica.tait@usdoj.gov
15
    Attorneys for Plaintiff
16  United States of America
```

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-00506-GW |
| Plaintiff, | **Ancillary proceeding** |
| v. | ORDER ACCEPTING AMENDMENT TO DECEMBER 13, 2010 "STIPULATION BETWEEN UNITED STATES OF AMERICA AND PETITIONER MSB INVESTMENT GROUP, LLC" AND DELAYING SALE OF MEDICAL BUILDING PENDING ISSUANCE OF MANDATE RE: CRIMINAL APPEAL |
| MASOUD BAMDAD, | |
| Defendant. | |
| MSB INVESTMENT GROUP, LLC, | |
| Petitioner. | |

CC: USM

The Court, having reviewed the AMENDMENT TO DECEMBER 13, 2010 "STIPULATION BETWEEN UNITED STATES OF AMERICA AND PETITIONER MSB INVESTMENT GROUP, LLC" TO DELAY SALE OF MEDICAL BUILDING PENDING ISSUANCE OF MANDATE RE: CRIMINAL APPEAL between the United States of America and MSB Investment Group, LLC ("MSB," and collectively, "the parties"), accepts the parties' amendment and hereby ORDERS as follows:

1. This Order amends only the terms of sale of the real property located at 326 North Maclay Avenue, San Fernando, California 91340 ("subject property"), as described in the Court's FINAL ORDER OF FORFEITIURE, RESOLVING ANCILLARY PROCEEDING, docket no. 332 (the "Sale Provisions Order").

2. Amending the first sentence of Paragraph 6 of the Sale Provisions Order, the Court orders that in the event defendant Masoud Bamdad's conviction on one or more counts giving rise to forfeiture is affirmed by the Ninth Circuit Court of Appeals, and such decision is not appealed further, or certiorari is denied, or is affirmed by the United States Supreme Court, if the parties have not by that time entered into a separate written agreement pursuant to which MSB buys out the United States's interest in the Subject Property, the Subject Property shall be sold for fair market value by the United States in accordance with paragraph 7(b)(i) of the Sale Provisions Order, and the proceeds from that sale distributed in accordance with that paragraph. The "counts giving rise to forfeiture" are Counts Two through Eleven, Twenty-Three, Twenty-Four, and Twenty-Five of the First Superseding Indictment. *Provided*, at any time, the United States may petition the Court for a sale notwithstanding any pending criminal appeal if the government demonstrates that any of the

reasons described in Rule G(7)(b)(i), Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, apply.

3.   The parties previously attempted to sell the Subject Property in accordance with paragraph 7(a) of the Sales Provisions Order, and those efforts were not successful. Accordingly, all language beginning on page 3, line 19, and continuing through page 6, line 1 of the Sales Provisions Order is no longer in force.  In addition, all language beginning on Page 6, line 2, immediately after "b. <u>Sale of Subject Property by United States</u>:," and continuing through and including the word "withheld" on page 6, line 23, is no longer in force.  Amending subparagraph 7(b)(i)(D) on page 7 of the Sales Provision Order, at line 12, the Court adds to that sub-paragraph the following: All right, title, and interest of MSB and all other potential petitioners in the portion of the Net Proceeds paid to USMS is condemned and forfeited to the United States without further order of the Court, and the United States shall have judgment as to the interests of MSB, and all other potential petitioners, in such portion.  The USMS shall dispose of the government's portion of the Net Proceeds in accordance with law.

4.   In light of the Amendment described in paragraph two of this Order, paragraph 11 of the Sales Provisions Order is no longer in force.

5.   Paragraph 12 of the Sales Provisions Order is deleted and is replaced with the following language:  In the event defendant Masoud Bamdad's convictions on each and every count giving rise to forfeiture are reversed, and if the Subject Property is found to be subject to forfeiture on any retrial of

the forfeiture phase as to Masoud Bamdad conducted pursuant to Fed. R. Crim. P. 32.2(b)(1) and/or (b)(5), MSB and Shabnam Dastmalchian waive and relinquish all rights each of them may have pursuant to 21 U.S.C. § 853(n) to petition the court to adjudicate the validity of their alleged interest(s) in the Subject Property.  The Subject property will then be sold by the United States in accordance with the Sales Provision Order, as modified by this Order.

6.   The United States's right to appeal any decision resulting from a retrial of the forfeiture is not affected by this Order.

7.   All provisions of the Sales Provisions Order not specifically amended herein remain in full force and effect.

**IT IS SO ORDERED.**

DATED: August 16, 2011

_____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE